HARRY MILLER and SAMUEL BLUMENTHAL, Respondents, v. STEWART WARNER CORPORATION, Defendant, and ALEMITE CORPORATION, Appellant.— In an action to recover damages for alleged malicious prosecution, order denying appellant's motion to dismiss the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs, on authority of *Di Bernardo* v. *Stewart Warner Corporation* (*ante*, p. 1004), decided herewith. Plaintiffs may serve a new complaint within ten days from the entry of the order hereon if they be so advised. Lazansky, P. J., Adel, Taylor and Close, JJ., concur; Davis, J., dissents and votes to affirm.

DIMITRA PIERAKOS, as Administratrix, etc., of PETER PIERAKOS, Deceased, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant. (Appeal No. 1.) — In view of the decision in *Pierakos* v. *Brooklyn & Queens Transit Corporation, No. 2* (*post*, p. 1010), decided herewith, the appeal from the judgment is dismissed. Lazansky, P. J., Davis, Adel, Taylor and Close, JJ., concur.

DIMITRA PIERAKOS, as Administratrix, etc., of PETER PIERAKOS, Deceased, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant. (Appeal No. 2.) — In an action to recover damages for death by wrongful act, neglect or default, the plaintiff had a verdict upon which judgment was entered. The verdict was based upon the testimony of one claiming to be an eye witness, and without this testimony the plaintiff probably could not have made a *prima facie* case. In an investigation later undertaken by the rackets bureau of the district attorney's office this witness testified that he did not see the accident. It is not necessary to enter into a discussion of the facts. It is sufficient to say that, as the case stands, the verdict is against the weight of evidence, and that the interests of justice require a new trial. Order denying defendant's motion to set aside the verdict and the judgment entered thereon, and for a new trial upon the ground of newly-discovered evidence, reversed on the law and the facts and motion granted, costs to abide the event. Lazansky, P. J., Davis, Adel, Taylor and Close, JJ., concur.

SOPHIE PORROVECCHIO, an Infant, by Her Guardian ad Litem, MARIA PORROVECCHIO, and MARIA PORROVECCHIO, Individually, Respondents, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— The infant-plaintiff, riding on a bicycle, came into contact with one of the defendant's trolley cars, by reason of which she sustained personal injuries. This suit is brought to recover for those damages. The action was tried by the court without a jury. Judgment in favor of the plaintiffs was directed and entered. The defendant appeals therefrom. Judgment reversed on the facts, with costs, defendant's motion for judgment in its favor (which motion, under section 440 of the Civil Practice Act, is deemed to have been made) granted and complaint dismissed, with costs. Findings reversed. We find that the evidence establishes the improbability of the infant-plaintiff's version of the happening of the accident, and that it clearly appears that the infant-plaintiff ran into the side of the moving trolley car without negligence on the part of defendant's motorman. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JANE GILBERT, Appellant.— Judgment of the Court of Special Sessions of the City of New York,